Mark T. McClenning, CA SBN 206177
Attorney at Law
10808 ½ Huston St.
N. Hollywood, CA 91601
Telephone: (818) 392-8599
McClenningLaw@gmail.com

Attorney for Plaintiff Juan Ramirez

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

Juan C. Ramirez, an individual,

   Plaintiff,

vs.

Professional Collection Consultants, a corporation; Robert F. Henry, Esq., an individual,

   Defendants.

Case No. CV14-1485 JAK (MANx)

COMPLAINT

COMES NOW PLAINTIFF JUAN C. RAMIREZ, and respectfully submits his complaint as follows:

**JURSIDICTION**

1. This is an action under the Fair Debt Collection Practices Act, (hereinafter "FDCPA"), 15 U.S.C. § 1692a *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Jurisdiction in this case arises under 28 U.S.C. § 1331 and is founded upon 15 U.S.C. § 1692k which grants the United States District Courts jurisdiction to hear this action without regard to the amount in controversy.

## THE PARTIES

2. Plaintiff Juan Ramirez (hereinafter "Plaintiff"), a natural person, is an adult and a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3). Upon information and belief, Defendant Professional Collection Consultants, Inc. (hereinafter "Defendant PCC") is a California corporation doing business within this judicial district that is engaged in the business of collecting debts in the State of California.

3. Upon information and belief, Defendant PCC is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), because upon information and belief, Defendant collects, or attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes using the U.S. Mail, telephone and internet.

4. Upon information and belief, Robert F. Henry (hereinafter "Defendant Henry") is a licensed California attorney who is a salaried employee of Defendant PCC.

5. Upon information and belief, Defendant Henry serves as in-house legal counsel for Defendant PCC.

## FACTUAL ALLEGATIONS

6. During the month of August 2012, Plaintiff received written correspondence from Defendant Henry, dated August 24, 2012, in which Defendant Henry identified himself as in-house legal counsel for Defendant PCC, and in which Defendant Henry made a demand for monies alleged to be owed by Plaintiff to Defendant PCC. Defendant Henry's letter further stated that, "This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose."

7. On or about September 1, 2012, Plaintiff notified Defendant PCC in writing that Defendant PCC is to have no further contact with Plaintiff except as allowed under the FDCPA. Plaintiff further requested that Defendant PCC provide

him with validation of the alleged debt, and provided a return address to which such validation should be sent. The above-referenced return address was 9167 Kester Avenue, Panorama City, California.

8. During the month of September 2012, Plaintiff received written correspondence on Defendant PCC's letterhead, dated September 5, 2012, and addressed to Plaintiff at the Kester Avenue address that Plaintiff had previously provided to Defendant PCC. Defendant PCC's letter made reference to Plaintiff's letter of September 1, and enclosed documents which purported to fulfill Plaintiff's prior request for validation of the alleged debt.

9. On or about September 9, 2012, Defendant PCC, through its counsel Defendant Henry, filed a collection lawsuit against Plaintiff for the above-referenced alleged debt in Los Angeles County Superior Court, case number 12E09106.

10. Despite having actual notice of Plaintiff's address, and despite having corresponded with Plaintiff at Plaintiff's Kester Avenue address, on or about February 28, 2013, Plaintiff was allegedly served with the summons and complaint for the above-referenced state lawsuit by and through substituted service, at 14941 Roscoe Boulevard, Apartment 107, Panorama City, California.

11. Plaintiff in fact did not reside at the Roscoe Boulevard address at which Defendant PCC's process server purportedly effected substituted service. Further, Plaintiff had in fact never resided at the Roscoe Boulevard address, and had no familial or other connection to that address, and had in fact never visited that location.

12. On or about March 14, 2013, Defendant PCC, by and through its attorney, Defendant Henry, caused the Proof of Service documents to be filed with the Los Angeles Superior Court, and commenced litigation against Plaintiff, despite plaintiff having no notice of the lawsuit.

//
//

13. Some time prior to April 8, 2013, Plaintiff became aware of Defendant PCC's lawsuit quite by chance, when counsel for Plaintiff discovered it in the course of representing Plaintiff on an unrelated matter.

14. After informing Plaintiff of Defendant PCC's lawsuit, Plaintiff immediately retained current counsel to represent his interests in the state court matter. Plaintiff's counsel was able file an answer with the court before a default judgment could be obtained.

15. But for the chance discovery of Defendant PCC's lawsuit by Plaintiff's counsel, it is likely that a default judgment would have been taken against Plaintiff, and that Plaintiff's first actual notice of the lawsuit would have been in the form of a wage garnishment notice.

16. California Code of Civil Procedure § 415.20 allows substituted service by leaving a copy of the summons and complaint at the "person's dwelling house, usual place of abode, usual place of business, or usual mailing address…"

17. Because Defendants PCC and Henry had actual knowledge of Plaintiff's mailing address from having previously corresponded with him, Defendants PCC and Henry knew that Plaintiff's "usual place of abode…or usual mailing address," was the Kester Avenue address. In spite of having actual notice of Plaintiff's "usual mailing address," Defendants elected to carry out improper substituted service at an address at which Plaintiff had never lived. Defendants further elected to cause the above-referenced Proof of Service documents to be filed with the Los Angeles Superior Court.

18. In commencing litigation in an attempt to collect a consumer debt while knowing that Plaintiff had not been served, Defendants PCC and Henry used false, deceptive, and misleading means to collect a debt, in violation of 15 U.S.C § 1692e and 15 U.S.C § 1692e(10).

//
//

19. Through this conduct, Defendant PCC, by and through Defendant Henry, used an unfair or unconscionable means to attempt to collect a debt, in violation of 15 U.S.C § 1692f.

20. As a result of the acts alleged above, Plaintiff suffered actual damages in the form of anxiety, embarrassment, humiliation, anger and frustration, which has negatively affected Plaintiff's concentration in performing his job in a demanding occupation and which has negatively impacted his personal relationships.

21. As a result of the acts alleged above, Plaintiff has suffered further actual damages in the form of attorneys' fees and costs incurred in the course of defending Plaintiff from the improperly brought state court debt collection action.

## FIRST CLAIM FOR RELIEF

(For FDCPA Violations against all Defendants)

22. Plaintiff repeats and realleges and incorporates by reference all other paragraphs.

23. Defendants PCC and Henry violated the FDCPA. Defendants' violations include, but are not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered in Plaintiff's favor and against Defendants for the following:

A. Actual damages to pursuant 15 U.S.C. § 1692k(a)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. For such other and further relief as may be just and proper.

DATED: February 25, 2014

Mark T. McClenning
Attorney for Plaintiff
Juan Ramirez

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____John A. Kronstadt_____ and the assigned Magistrate Judge is _____Margaret A. Nagle_____ .

The case number on all documents filed with the Court should read as follows:

## CV14-1485-JAK(MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

February 27, 2014                    By  C. Sawyer
Date                                     Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [x] Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | [ ] Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Juan C. Ramirez, an individual, <br><br> *Plaintiff(s)* <br> v. <br> Professional Collection Consultants, a corporation; <br> Robert F. Henry, Esq., an individual, <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) **CV14-1485 JAK (MANx)** <br><br> Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Professional Collection Consultants, a corporation, 6700 S. Centinela Ave., 3rd floor, Culver City, CA 90230;
Robert F. Henry, Esq., an individual, 6700 S. Centinela Ave., 3rd floor, Culver City, CA 90230.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Mark T. McClenning,
Attorney at Law
10808 1/2 Huston Street
North Hollywood, CA 91601

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 02/27/2014

CHRIS SAWYER

*Signature of Clerk or Deputy Clerk*

1149

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Juan C. Ramirez, an idividual

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Professional Collection Consultants, a corporation;
David F. Henry, Esq., an individual

**(b) County of Residence of First Listed Plaintiff** Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** Los Angeles
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Mark T. McClenning, CA SBN 206177
10808 ½ Huston St.
N. Hollywood, CA 91601
Telephone: (818) 392-8599

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692a et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | **TORTS PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number:

CV14-1485

CV-71 (11/13)   CIVIL COVER SHEET   Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br>☐ Yes  ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br>☐ Yes  ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims?<br>(Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

C.1. Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➔

C.2. Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ↓

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➔ | Western |

CV-71 (11/13)  CIVIL COVER SHEET  Page 2 of 3

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?   [X] NO   [ ] YES

If yes, list case number(s):

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?   [X] NO   [ ] YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
[ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _Marc McCann_   DATE: 02/26/2014

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |